J. G. BROWN ET ALS. v. ROAD COMMISSIONERS OF NORTH COVE
TOWNSHIP ET ALS.

(Filed 23 May, 1917.)

1. **Constitutional Law—"Aye" and "No" Vote—Roll-call Bills—Committee Amendments—Bonds.**

    A bill to authorize a county to issue bonds for highway improvements, read and referred to a committee which reported a substitute for the original measure, with a slightly different caption and retaining the number of the original bill, and put upon its second and third readings, on separate days, with "aye" and "no" vote taken on each of them, duly entered, meets the requirements of Article II, section 14, of the Constitution.

2. **Constitutional Law—Immaterial Amendments—Roll Call—"Aye" and "No" Vote—Bonds.**

    Where a bill authorizing a county to issue bonds for highway improvements has passed both branches of the Legislature by a reading in each branch thereof on three separate days, with the "aye" and "no" vote duly taken and entered, except as to an amendment in the second branch, substituting the name of a commissioner, such amendment does not broaden the scope of the act or affect its financial feature, and the failure in the first branch to comply with Article II, section 14, of the Constitution as to roll calls and separate readings will not alone affect its validity.

3. **Constitutional Law—Amendments—Roads and Highways—Special Acts—Acts in Aid—Statutes.**

    The amendment of 1916 to our Constitution, Art. II, sec. 29, prohibiting the passage by the General Assembly of local, private, or special acts "authorizing the laying out, opening, altering, maintaining, or discontinuing of highways, streets, or alleys," does not include within its meaning an act authorizing a county to issue bonds for the highways of a township, and requiring the levying of the tax to pay the principal thereof and interest thereon; such being in aid to the laying out, construction, etc., of the local highways, and necessarily afforded by direct legislation, when the levy is in excess of the constitutional limitation.

ALLEN, J., dissenting.

CIVIL ACTION, pending in the Superior Court of McDOWELL, heard by *Carter, J.,* 27 April, 1917, upon motion to continue injunction to final hearing. Motion denied. Plaintiffs appealed.

*W. T. Morgan for plaintiffs.*
*W. M. McNairy, J. W. Pless, Cansler & Cansler, Clarkson & Talia-ferro for defendants.*

BROWN, J. Plaintiffs seek to enjoin the issue of bonds and levying special taxes under an act of General Assembly of 1917 duly ratified, 28 February, entitled "An Act to authorize the board of commissioners of McDowell County to issue bonds for road purposes in North Cove Township in said county."

The objections are: (1) That the bill was not read on three separate days in the House. (2) That it was amended in the Senate, but the amendment was not passed by the House by recording the ayes and noes, as required by the Constitution. (3) That the General Assembly was without power to enact such law.

The record shows that the original bill, H. B. 711, passed first reading in the House of Representatives on 22 January and was referred to Judiciary Committee. On 1 February the committee reported a substitute for the original measure. The substitute with a slightly different caption, under legislative practice took the number of the original bill and was placed on the calendar. On 6th and 21st February it passed second and third readings by yea and nay vote duly entered on the journal.

The substitute was only an amendment to the original bill, which had already passed first reading on 22 January. Consequently, when the substitute passed second and third readings on different days and the ayes and noes were duly entered on both said readings the requirements of Art. II, Sec. 14, of the Constitution were duly complied with.

It is admitted the bill passed the Senate in accord with the Constitution, but it was amended, and the amendment was concurred in by the House without recording the ayes and noes. It was not necessary that the House observe the Constitutional requirement in concurring in the Senate amendment, as it was immaterial and consisted only in striking out the name of one commissioner and substituting another. The amendment did not broaden the scope of the act or affect its financial features. *Glenn v. Wray,* 126 N. C., 730; *Brown v. Stewart,* 134 N. C., 357.

The third objection is more serious, but nevertheless we do not think it fatal. The recent amendment, now Article II, Sec. 29, of the Constitution, provides that "The General Assembly shall not pass any local,

private, or special act or resolution . . . authorizing the laying out, opening, altering, maintaining, or discontinuing of highways, streets, or alleys."

An analysis of the act shows that its primary purpose is to authorize the sale of bonds for road purposes in North Cove Township, and to require the levying of a tax to pay the interest and principal of the bonds. It appoints road commissioners to contol the expenditure of the money and to supervise the work, the present road laws of the township remaining in force except where modified by the act.

The question presented is of necessity one of novel impression in this State, but we must conclude that the act is not of the character which the General Assembly is prohibited from enacting.

It contains no provision for laying out, opening, altering, maintaining, or discontinuing highways. It only provides the means for constructing and repairing them.

Counties cannot issue bonds and levy special taxes to pay them in excess of the constitutional limitations without special legislative authority. *Smathers v. Com.,* 125 N. C., 487; Connor and Cheshire on Const., p. 316.

Townships have no power and no machinery to issue bonds or levy taxes for any purpose whatever except through the authority specially conferred by the General Assembly.

It is impossible to conceive that the purpose of the recent amendment was to deprive the General Assembly of the power absolutely necessary to aid counties and townhips in the construction and repair of their public roads.

The framers of the amendment no doubt intended to leave intact the long recognized and salutary power of the Legislature to supervise and control the financial affairs of the municipalities of the State.

Similar prohibitions as the one under consideration are to be found in other States, and they have not been construed so as to deprive the General Assembly of said powers.

Such provisions are construed not to destroy or weaken the power of the General Assembly in its necessary control over the subordinate divisions of the State Government, but to prevent cumbering the statute books with a mass of purely private and local legislation.

In a similar case the New York Court says: "The very purpose of the restriction upon the power of the Legislature was to remit to the local authorities such functions of government and administration as concerned the people of the locality, and which could be better determined and discharged by such authorities than by the central legislative body at the capital of the State. There was no reason why the Legislature should be permitted to deal with such a purely local question as

the laying out or opening of a highway in a town, any more than the election of a supervisor. There was a general system of statute law under which highways, in the ordinary sense of the term, could be laid out and opened under the direction of local officers." *In re Burns,* 49 N. E., 246; *N. Y. R. R., 70* N. Y., 327.

In *People v. Banks,* 67 N. Y., 568, an act entitled "An act in relation to that portion of the Great Western Turnpike Road commonly known as Western Avenue," etc., authorized a conveyance by a turnpike company, etc., and empowers the commissioners to *improve* the same as an approach to Washington Park. It was objected that the act was in conflict with Article III, Sec. 18, of the New York Constitution, forbidding the passing by the Legislature of any private or local bill "laying out, opening, altering, working, or discontinuing roads, highways, or alleys." The Court says the provision was designed to prevent any interference with the highway system of the State or with the keeping of the ordinary highways and public roads in repair under that system, the supervision of the officers designated, and in the use of the *means* and the labor provided by law. "The act under review does not in any of its provisions provide for the altering, opening, or working of a highway in the sense which those terms were used in the statutes of the State regulating highways and public roads, or the constitutional provisions now invoked." Grading, paving, sewering, and ornamenting were even provided for in this act, since it could not be done by general law. It was held to be within the discretion of the Legislature.

Speaking of such legislation as affected by a constitutional provision similar to ours, the Pennsylvania Court, *In re Sugar Notch Burrough,* 43 Atl., 985, says: "The restrictions of the Constitution upon legislation apply to direct legislation, not to the incidental operation of statutes, constitutional in themselves, upon other subjects than those with which they directly deal." So in this case, the bond issue being the direct legislation, the fact that it provides that the proceeds of the bonds are to be used for road purposes will not bring it within the prohibition of the constitutional amendment.

The case of *S. v. Lytton* (Nev.), 9 Pac. Rep., 855, resembles this case more nearly in the facts and principles of law involved. In that case the constitutionality of an act authorizing a particular county to issue bonds to build a courthouse and jail was questioned under the provision of the Nevada Constitution, which inhibits local or special laws regulating county business and requiring the county government system to be uniform, and all laws to be general and of uniform operation throughout the State. It was held that the law in question was constitutional.

See, also, *Young v. Hall,* 9 Nev., 212; *Bank v. Quillen,* 11 Nev., 109.
We are of opinion that the injunction was properly dissolved.
Affirmed.

ALLEN, J., dissenting: The act of the General Assembly now before
us was ratified on 28 February, 1917, after the amendment of 1916
became a part of the Constitution of the State.

It provides for the issue of bonds in the sum of $50,000 for *"road
purposes"* in North Cove Township in McDowell County, and this term
"road purposes" is comprehensive enough to include "the laying out,
opening, altering, maintaining, or discontinuing highways."

If the money to be raised by the sale of bonds provided for in the act
cannot be used for one of these purposes, how can it be expended?

And still the amendment to the Constitution says that "The General
Assembly shall not pass any local, private or special act or resolu-
tion . . . authorizing the laying out, opening, altering, maintaining,
or discontinuing of highways. . . . Any local, private, or special act
or resolution passed in violation of the provision of this section shall be
void."

It seems to me the act is in direct conflict with the amendment, and,
in the language of the Constitution, is void.

This construction of the amendment, which, as I see it, is the only
one that can be maintained, does not "deprive the General Assembly of
the power absolutely necessary to aid counties and townships in the
construction and repair of their public roads," as there is express pro-
vision in the amendment, now section 29 of article II of the Constitu-
tion, that "The General Assembly shall have power to pass general laws
regulating matters set out in this section," and in obedience thereto the
General Assembly at its last session passed an act (ch. 284, Laws 1917),
under which any county, township, or road district may issue bonds for
road purposes whenever a majority of the voters desire it.

The General Assembly evidently thought, as the power to pass special
acts was withdrawn, it was well to substitute the safeguard of a popular
vote in the place of the special approval of the General Assembly.