## N. B. MILLS ET AL. v. BOARD OF COMMISSIONERS OF IREDELL COUNTY.

### (Filed 20 March, 1918.)

1. **Constitutional Law—Amendments—Time Effective—Statutes.**

    The recent constitutional amendments, though prior ratified by the people of the State, became effective on 10 January, 1917, chiefly on the ground that the act of the Legislature providing for the election, so specified and the vote of the people thereunder approving the same thereby determined the time.

2. **Same—Counties—Bridges.**

    A legislative enactment relating to the building of bridges by a county over a nonnavigable stream or river does not necessarily come within the purview and control of the recent amendment to our Constitution, Art. 2, sec. 29.

3. **Same—Bond Issues—Taxation.**

    The recent amendments to our Constitution prohibiting "local" legislation in certain respects as to counties, etc., does not deprive the Legislature of its power to authorize county commissioners to raise money by the issue of bonds or by current taxation, to carry out the necessary measures for the orderly and proper government of their counties, and an enactment to authorize a county to issue bonds for the necessary purpose of building bridges in connection with an adjoining county over a nonnavigable stream dividing them, is not prohibited by the recent amendment to our Constitution, Art. 2, sec. 29. *Brown v. Comrs.,* 173 N. C., 598, cited and applied.

4. **Same—"Local" Laws—Interpretation—Limit of Taxation.**

    The term "local" as used in the recent amendments to our Constitution. is of comparatively recent use and importance, and has received no fixed or generally recognized meaning; and is sufficiently ambiguous to admit of interpretation by reference to the context, the purpose appearing in the terms of the law and the attendant relevant circumstances; and when so construed in relation to Article 2, sec. 29, the local legislation refers to the building, maintenance and control of specified and designated highways, bridges, etc., and does not prevent legislation authorizing the raising of proper funds by the sale of bonds of a county or by taxation therein, re-

quired for the public good, where the limit of taxation allowable to the county by the Constitution for ordinary State and county purposes may have been reached by the county in question.

5. Same—Municipal Corporations—Clerical Errors—Transportation of Sections.

Constitution, Art. 8, secs. 1 and 4, the latter section being a recent amendment, have no relation to the question of the constitutionality of a legislative enactment authorizing a county to issue bonds, etc., for the building of bridges over nonnavigable rivers or streams, sec. 4, being in terms restricted to cities, towns, and incorporated villages. *Semble,* sec. 4, was inadvertently misplaced and properly belongs under Article 7, entitled "Municipal Corporations," instead of under Article 8, entitled "Corporations Other than Municipal."

ALLEN, J., dissenting.

CONTROVERSY submitted without action before *Long, J.,* in IREDELL, 28 January, 1918.

On full presentation of facts, the controversy submitted was whether plaintiffs, citizen residents and taxpayers of said county, were entitled to an injunction against defendant board, restraining them from the proposed issuance and sale of bonds of the county to the amount of $40,000, pursuant to chapter 575, Public-Local Laws of the General Assembly of 1917, ratified 5 March, 1917, for the purpose of rebuilding bridges over the Catawba River between Iredell and Catawba counties in conjunction with the authorities of the latter county, the determinative question being whether said act was in violation of the recent constitutional amendments prohibiting certain local and special and private legislation on the subject, contained chiefly in the Constitution, Art. 2, sec. 29. It was also made to appear as one of the relevant facts that the taxation of Iredell County already authorized and levied by said county was to the limit allowed by the Constitution and Laws unless the act in question should be upheld.

There was judgment in denial of plaintiff's right to relief and plaintiffs, having duly excepted, appealed.

*W. D. Turner for plaintiff.*
*Caldwell & Caldwell for defendant.*

HOKE, J. In several cases coming before us at the last Term, *Read v. Durham,* and others, it was held, *Associate Justice Walker* delivering the opinion, that the recent constitutional amendments were valid as parts of our organic law, and that the same became effective on 10 January, 1917, as provided by the statute submitting such amendments for ratification to the people, this on the ground chiefly that as the act providing

for the election fixed upon 10 January as the day, the people, in ratify-
ing the amendments pursuant to the act, thereby determined the date
in accord with its provisions.

The act in question here, chapter 575, Public-Local Laws 1917, au-
thorizes and empowers the commissioners of Iredell County to issue
bonds in the sum of $40,000, "for the purpose of building bridges over
the Catawba River jointly with the county of Catawba," payable seriatim
to the amount of $4,000 per year till the full obligation is discharged
and the levy of a specified tax for the purpose of 5 cents on the hun-
dred dollar's worth of property and 15 cents on the poll. Ratified on
5 March, 1917, it comes within the purview and control of the Consti-
tution as now amended, and the question presented is whether the stat-
ute is a constitutional enactment and chiefly in view of Article 2, sec. 29,
by which the Legislature is prohibited from passing any "local, private
or special act or resolution" relating to various enumerated subjects,
among others, "authorizing the laying out, opening, altering, maintain-
ing, or discontinuing highways, streets, or alleys, or relating to ferries
and bridges, relating to nonnavigable streams, relating to cemeteries,
relating to pay of jurors," etc.

Shortly after these amendments were ratified, a case was presented
involving the question whether, in view of these provisions, "An act
authorizing the commissioners of McDowell County to issue bonds for
road purposes in North Cove Township, in said county," was a valid
law. *Brown v. Comrs.*, 173 N. C., 598. The statute was upheld, and
it was decided, *Associate Justice Brown* delivering the opinion, that
there was nothing in these amendments which prohibited the Legislature
from authorizing county commissioners or other governmental boards
to raise money by the issue of bonds or by current taxation to enable
them to carry out the necessary measures for the orderly and proper
government of their counties, or even more restricted territory. As well
said in the opinion, "these and similar provisions are construed not to
weaken or destroy the power of the General Assembly in its necessary
control over the subordinate divisions of the State government, but to
prevent cumbering the statute books" (and it may be added, taking the
time of the General Assembly) "with a mass of purely private or local
legislation."

It is said in some of the decisions on the subject that the significance
of the term "local" in constitutional provisions of this character is com-
paratively of recent use and importance and has received no fixed or
generally recognized meaning. Like other legislation or written instru-
ments sufficiently ambiguous to permit of construction, it must be de-
fined by reference to the context, the purpose appearing in the terms of

the law and the attendant circumstances relevant to its true interpretation. In Lewis' Sutherland Statutory Construction, it is said (2d edition, sec. 199, p. 358) : "That special laws are those made for individual cases. . . . Local laws are special as to place"; and further (at section 200) : "It seems impossible to fix any definite rule by which to solve the question whether a law is local or general, and it has been found expedient to leave the matter, to a considerable extent, open, to be determined upon the special circumstances of each case." It is well understood that our General Assembly, at session after session, was called on by direct legislation to authorize a particular highway or street or to establish a bridge or ferry at some specified place. Such questions being not infrequently at the instance of rival parties or opposing interests, were urged and debated with great earnestness by their respective advocates and renewed and protracted to such an extent that they were of serious detriment to the public interests and, at times, prevented full and proper consideration of vital public measures. The Legislature in these cases was in fact called on to usurp, or rather to exercise, functions which were more usually and properly performed by the local authorities, and it was in reference to local and special and private measures of this character that these amendments were adopted, and, as stated in *Brown's case, supra,* it was never intended to prohibit legislation authorizing the raising of proper funds by the sale of bonds or by taxation for measures required for the public good, though such funds should be for improvements in some fixed place or in restricted territory determined upon by local authorities in pursuance of general laws on the subject. It is now very well known that the limit of taxation allowable by the Constitution for ordinary State and county purposes has been very generally reached by the different counties in the State, and for any additional demands or unexpected emergency authority to exceed these limits can only be conferred by legislative enactment. *Commissioners of Johnston County v. Lacy,* 174 N. C., 141; *Bennett v. Commissioners of Rockingham County,* 173 N. C., 625; *Moose v. Comrs.,* 172 N. C., 419; *R. R. v. Comrs.,* 148 N. C., 220.

An interpretation of these recent amendments which would destroy or impair the legislative power to the extent suggested would be of such serious and threatening consequence that it should not be sanctioned except by provisions so plain of meaning that no room for a different construction is allowable.

We are clearly of opinion that this well-considered case of *Brown v. Comrs.* is fully supported by the authorities cited and is decisive of the questions presented on this record.

It is suggested that the legislation in question is in some way in contravention of Article 8, sections 1 and 4 of the Constitution, the latter

section being also one of the recent amendments referred to, but we do not see how either of these sections is in any way involved in the present appeal.

While it is not desirable nor ordinarily permissible to decide questions of this nature otherwise than on an issue directly presented (*Commissioners of Johnston County v. Lacy*, 174 N. C., 141), it may not be improper to suggest that this Article 8 is entitled "Corporations other than municipal," and section 1 would seem clearly to have reference to private or business corporations, and does not refer to public or *quasi*-public corporations acting as governmental agencies; and while section 4 does impose on the Legislature the duty of providing for the organization of cities, towns and incorporated villages, it is evidently misplaced and belongs rather under the preceding Article 7, entitled "Municipal Corporations." It no doubt received its present placing by a slip of the paster when the instrument was originally printed, and has been left there because no occasion has been presented for its removal; but whether belonging properly to one place or the other, it can have no effect on the facts of this record as it is, in terms, restricted to cities, towns and incorporated villages, and the existence and power of counties in the premises is in no way affected.

There is no error, and the judgment for defendants is
Affirmed.