W. M. PARVIN v. BOARD OF COMMISSIONERS OF BEAUFORT
COUNTY.

(Filed 27 May, 1919.)

1. **Constitutional Law— Roads and Highways— Taxation— Bonds— Special Purpose—Necessary Expense.**

Chapter 284, Public Laws of 1917, authorizing counties to issue bonds for the purpose of laying out and operating, altering and improving the public roads of the county, etc., is for a special purpose within the intent and meaning of Article V, section 5, of our Constitution, and not within that of section 1 of the same article prescribing the limitation and equa-' tion between the property and the poll tax; and being for a necessary county expense, the vote of the people within the county is not required by our Constitution, Art. VII, sec. 7.

2. **Constitutional Law—Amendments—Roads and Highways—Private Laws. —Statutes.**

The restriction placed by the amendment of 1916 to our Constitution upon the General Assembly to pass local or private laws as to public highways has no application to the provisions of chapter 284, Public Laws of 1917, for the statute relates to the establishment of roads, ferries and bridges for the whole county at such places as deemed expedient by the local authorities charged with the duty of providing and supervising them, and not for the laying out or maintenance of a special road or erecting a certain bridge, etc. *Brown v. Comrs.*, 173 N. C., 589; *Mills v. Comrs.*, 175 N. C., 215, cited and distinguished.

3. **Constitutional Law— Statutes— Taxation— Special Purpose— Necessary Expense—Vote of People.**

Chapter 284, Public Laws of 1917, is a sufficient approval by the General Assembly for the levy of a tax exceeding the constitutional limit fixed by Article V, section 1, to pay the interest on, and create a sinking fund for, bonds issued by the county for the laying out, maintenance, etc., of its public roads under the provisions of the act, though no provision for a vote of the people authorizing such levy has been made by the statute, the purpose designated being for a necessary expense within the meaning and intent of our Constitution, Art. VII, sec. 7, and not requiring it. As to whether in this case the people having voted for the bonds virtually or impliedly voted for the tax, *Quere?*

ACTION tried before *Devin, J.*, 7 May, 1919, on motion for a restraining order, in the Superior Court of BEAUFORT.

*Harry McMullan for plaintiff.*
*Lindsay C. Warren for defendants.*

WALKER, J. The facts are these: The Board of Commissioners of Beaufort County, upon petition duly filed by more than one hundred freeholders of the county, ordered an election for the people to decide the question "whether the county road commission of the said county

shall issue bonds in the sum of one million dollars for the purpose of laying out and opening, altering and improving the public roads of the county." The question was duly submitted to the people, the election duly held, and the result was that a majority of five hundred and fifty-five voted in favor of issuing the bonds. The election was held and the bonds were ordered to be issued under the provisions of Public Laws of 1917, ch. 284, which were complied with in every respect. The board of commissioners now propose and intend to levy a tax of fifty cents on the one hundred dollars in value of property and one and one-half dollars on the poll, for the purpose of paying the interest as it accrues on the bonds and of creating a sinking fund sufficient to pay the bonds at their maturity. These taxes, when added to those levied for other purposes, will far exceed the constitutional limit of taxation and the poll tax of two dollars as fixed by the Constitution, and there has been no vote of the people taken upon the levy of this tax.

The plaintiff contends that the tax will be illegal, as there is no special authority or "approval" of the General Assembly to levy it, if it is for a special purpose, and no vote of the people in favor of it. He also contends that the tax is for a general purpose and the constitutional limitation, therefore, cannot be exceeded, and he relies for his last position on the case of *Southern Ry. Co. v. Cherokee County, ante,* 86. That case is said by him to apply, because it held that the purpose for which the tax was to be levied was a general one. In that case the tax was intended to provide for past deficits in the revenues for ordinary and necessary county expenses, and fell directly within Article V, section 1, of the Constitution, prescribing the limitation and equation of taxation, and not within section 6 of that article. That a tax of the kind which is proposed to be levied by the commissioners, and the levy of which is asked to be restrained, is for a special purpose has been held in several decisions of this Court, and notably in *Broadnax v. Groom,* 64 N. C., 244, at p. 248, and also in *Herring v. Dixon,* 122 N. C., 420, where the authorities are cited at page 423. It has also been held by this Court that the laying out, constructing, and repairing roads and bridges is a necessary expense of the county not requiring a vote of the people under the Constitution, Art. VII, sec. 7, for the necessary taxation to pay the same. *McCless v. Meekins,* 117 N. C., 35; *Tate v. Comrs.,* 122 N. C., 812; *Herring v. Dixon, supra; Hargrove v. Comrs.,* 168 N. C., 626; *Moose v. Comrs.,* 172 N. C., 419. The levy of taxes in this case is for the purpose of paying the debt contracted for a necessary expense, namely, "the laying out, opening, altering or improving the public roads of Beaufort County," and therefore did not require such a vote.

There was no vote of the people in regard to the tax, but the issue-

·of bonds was approved by such a vote, and this course was taken by the commissioners, as they declare, under the Public Laws of 1917, ch. 284.

The question now is, whether that act is sufficient authority for the levy of the proposed tax, since the amendments of 1916 to the Constitution in regard to local, private, and special legislation were ratified and became operative. The amendment, so far as applicable to this case, provides: "The General Assembly shall not pass any local, private or special act or resolution . . . authorizing the laying out, opening, altering, maintaining, or discontinuing of highways. . . . Any local, private, or special act or resolution passed in violation of the provision of this section shall be void. . . . The General Assembly shall have power to pass general laws regulating matters set out in this section." The plaintiff does not contest the validity of the bonds, but admits that they will be valid obligations of the county, but he denies that the commissioners have any power to levy taxes to pay the interest and provide a sinking fund to take care of the principal, because, in the first place, they are to be levied for a general purpose, and secondly, because, if this is not so, and the taxes are for a special purpose, the levy will require the special approval of the General Assembly, which has not been given.

We have answered the first objection. The second is more serious in its nature, but we do not think that it is attended with any insurmountable difficulty. The constitutional amendment of 1916, concerning the laying out and construction of public roads, was evidently intended to do away with the enormous flood of bills for purely local and special relief, which could the more easily and safely be intrusted to the domestic authorities, who had better opportunity by actual observation and experience to understand and appreciate what was necessary for the welfare of their particular community. If the language of ch. 284, sec. 29, of the act of 1917, may not extend to bills for the levy of the taxes to construct a particular road, or to erect a particular bridge, or establish a particular ferry, as was held in *Brown v. Comrs.,* 173 N. C., 598, and *Mills v. Comrs.,* 175 N. C., 215, we are of the ·opinion that in matters relating to general county administration, such as the establishment of roads, ferries and bridges for the whole county, at. such places as deemed expedient by the local authorities, who are charged with the duty of providing for such things, and having the supervision thereof, it was intended that this might be done by a general law providing for such cases which should be a sufficient approval of the General Assembly, when the limitation of taxation, as provided in the first section of Article V of the Constitution, will be ·exceeded. In the cases above cited there was special approval given for

opening the road in North Cove Township, McDowell County, in the first, and the same kind of approval given to the construction of the bridge over the Catawba River, between the counties of Iredell and Catawba, in the second of those cases. But the subject and purpose, of the law of 1917, ch. 284, is more general and of broader scope, as it also extends to matters concerning the general administration of county affairs in respect to establishing roads, bridges, etc.

The tax proposed to be levied by the defendants in this case applies to all the roads of the county, or to such portions thereof as those having charge of them, under the provisions of the act of 1917, may deem it expedient to open, lay out and construct. The defendants having complied with the terms of the said act, and the bonds being valid when issued, we conclude that the general law of 1917, ch. 284, is a sufficient approval of the General Assembly to authorize a levy of the tax which exceeds the constitutional limitation under Art. V, sec. 1, to pay the interest on the bonds, and to create a sinking fund for the redemption of the principal. The act of 1917 does not require a vote of the people in order to authorize the levy of the tax, and, as we have said, none was required by the Constitution, as the purpose for which the tax is to be levied is a necessary expense within the meaning and intent of Art. VII, sec. 7, of that instrument. The Legislature could have provided for such a vote, and it may have been wiser to do so, as a check or restraint upon improvident action by the local boards, but this is a matter which must be governed by its discretion, and is one of legislative policy and not of law. No vote is required to levy taxes for necessary expenses, and no other sanction except where all the taxes, including the one proposed, will exceed the limitation. The Legislature, for some reason satisfactory to itself, provided in this instance that a vote should be required for the issue of the bonds, but none for the tax.

We should consider the amendments of 1916, with the other parts of the Constitution in pari materia, in order to ascertain what was meant by the amendments, or we have, at least, the right to do so. The people believed that the local authorities could safely be trusted with the powers conferred with the approval of the General Assembly under a general law, and we do not see why this is not a wise conclusion. The statute is drawn with great care and precision, the only defect, if any at all, being the failure to provide for a vote of the people upon the question of levying the tax to pay for road extension and improvement, but this, as we have shown, is not a fatal omission, as the tax may be validly ordered to be levied, without this safeguard. It would seem that as the people voted for the issue of bonds, they virtually or impliedly voted for the tax, as the bonds would be of no

market value without some adequate provision for discharging the principal and interest of the debt, but this is not necessary to be decided, and is merely referred to incidentally in passing, and constitutes no part of the judgment of the Court upon the questions submitted to us.

There is another question we are requested to pass upon, as to the effect of the restriction upon taxation in the act of 1919, but it is not presented in the record, and is much too important a matter to be considered until it is so directly raised.

The questions we have decided, or some of them, were considered and passed upon at this term in the case of *Guire v. Comrs.,* from Caldwell County, *post,* 516, to which we refer.

It will be certified that there was no error in the judgment below.

Affirmed.