BOARD OF TRUSTEES OF THE FAIRMONT GRADED SCHOOL DISTRICT v. MUTUAL LOAN AND TRUST COMPANY.

(Filed 4 May, 1921.)

1. **Constitutional Law — Amendments — Statutes—Public-Local Laws— School Districts.**

   A statute which lays off or defines by boundary a certain territory as a graded school district within a county, and provides for an issue of bonds upon the approval of the voters therein, for the necessary buildings and maintenance, comes within the recent amendment to our Constitution forbidding the general assembly from enacting any local or special acts to establish or change the lines of school districts making them void, and requiring legislation of this character by general provisions of law. Constitution, Art. II, sec. 29.

2. **Same—Taxation—Bond Issues—Municipalities.**

   The principle that, under the recent amendments to our Constitution, the Legislature may authorize counties and cities, etc., to issue bonds to provide necessary revenue for their proper governmental purposes, refers only to such as come under the amendments to Art. VIII, secs.

1, 2, 3, 4 of our Constitution, or such as have a valid existence, and not to school districts sought to be established under an act prohibited by our present Constitution, Art. II, sec. 29.

**3. Same—Acts Dependent on Unconstitutional Statutes.**

> Where the establishing of a school district is under an act prohibited by Art. II, sec. 29, of our present Constitution, as a local or special act, the issuance of bonds permitted by the same or similar statute for the revenue necessarily required for the purposes of the invalid act, is dependent upon that act, and falls with it as an unconstitutional measure.

APPEAL by defendant from *Daniel, J.,* heard on case agreed at March Term, 1921, of ROBESON.

This action is to recover purchase price of one hundred thousand dollars ($100,000) bonds of Fairmont Graded School District, issued pursuant to ch. 42, Private Acts of Special Session 1920. Defendant agreed to take said bonds at a definite and satisfactory price, provided same are valid, and resisted compliance on the ground that the act is unconstitutional and the proposed bond issue will not constitute a valid obligation of said district. There was judgment for plaintiff, and defendant excepted and appealed.

*McIntyre, Lawrence & Procter for plaintiff.*
*Johnson & Johnson for defendant.*

HOKE, J. From the facts stated in the case agreed it appears that, under Private Acts 1920, ch. 42, the Legislature purported to create Fairmont Graded School District in Robeson County, N. C., defining limits of said district by metes and bounds, same to embrace "all the lands included within the white school district one and three of Fairmont Township, as well as certain land adjoining said district." That, on ratification of the measure by a majority of the qualified voters of the district, the trustees should be empowered to issue and sell bonds in the sum of one hundred thousand dollars ($100,000), the proceeds to be used in procuring a site and erecting suitable buildings thereon, and otherwise for the benefit of said graded school district. The measure having been ratified by the voters, the bonds were prepared and bargained to the defendant at a definite price provided the same were a valid obligation of the district. Defendant resists compliance with their agreement on the ground that said act is unconstitutional. Among the amendments to the Constitution, ratified and becoming effective 10 January, 1917, was one appearing in sec. 29, Art. II, to the effect "That the General Assembly shall not pass any local, private, or special act or resolution (among others) relating to establishing or changing the lines of school districts"; and further, that any local, private, or

special act or resolution passed in violation of the provisions of this section shall be void. "The General Assembly shall have power to pass general laws regulating matters set out in this section." The statute in question here, purporting to authorize the formation of this district, and under which the proposed bonds are to be issued, is both special and local and in our opinion comes directly under the constitutional provisions to which we have referred, and this conclusion is not affected because it is a graded school. This applies merely to the method of conducting the school, which is becoming more or less general in all schools supported by taxation, and does not withdraw the present district from the force and effect of the plain and comprehensive words of the inhibition "that no local or private or special act shall be passed establishing or changing the line of school districts." It is contended for the appellee that a school district having been held a public *quasi-corporation* like towns, cities, and other governmental agencies, the same is not withdrawn from control of the Legislature by special enactment or otherwise, under the principle of the recent case of *Kornegay v. Goldsboro,* 180 N. C., 441. The decision, however, referred only to those corporations of a governmental character coming under, and only affected by the amendment to Article VIII, sections 1, 2, 3, 4, and does not and is not intended to affect or control legislation of this kind, which is in direct violation of the express provisions of Art. II, sec. 29, as stated. Again, it is insisted that as the present act contains provisions for a bond issue, it should be upheld under the principle of *Brown v. Comrs.,* 173 N. C., 598; *Mills v. Comrs.,* 175 N. C., 215; that class of cases which hold that none of our recent amendments withdraws from the Legislature power by special legislation to authorize counties, cities, etc., to provide proper revenue for advancing proper governmental purposes, though local in character. But those decisions refer to legislation providing proper revenue for recognized and established objects such as roads, bridges, and the like, and the principle may by no means be extended to legislation providing revenue for a purpose prohibited by our organic law. Here the bond issue is to provide for the erection of buildings and maintenance of the graded school, that is its only purpose, and the establishment of the school being prevented because in violation of the constitutional inhibition, the bond issue necessarily fails with the principle and only purpose for which it was authorized. And this, too, distinguishes the instant case from *Dickson v. Brewer,* 180 N. C., 403, to which we were cited by counsel for appellee. In that case a special act appertaining to Wake Forest School District, affecting its government and authorizing an indebtedness, was upheld, ch. 111, Private Laws 1917, but in *Dickson v. Brewer* the district was established by Laws 1913, ch. 376, prior to our constitutional amend-

ments, and the later legislation presented in the *Dickson case,* through special act, did not come under the constitutional inhibition as to establishing or altering the lines of school districts, which is controlling on the facts of the present record. In our opinion, as stated, the Fairmont Graded School has not been established as required by our Constitution, and the proposed bond issue, which is entirely dependent upon it, and authorized only for the purpose of maintaining it, may not be proceeded with. On the case agreed, judgment must be entered for defendant, and it is so ordered.

Reversed.