D. E. ROBINSON ET AL. *v.* BOARD OF COMMISSIONERS OF BRUNSWICK COUNTY.

(Filed 14 December, 1921.)

### 1. Constitutional Law—School Districts—Bonds—Taxation—Burdens and Benefits.

In order to the validity of the laying off of a school district by statute and the issuance of bonds for school purposes it is necessary that the burden of taxation should rest upon the whole district equally, and when some portions thereof are exempt from taxation and receive the benefits, and other portions are taxed without benefit, the act is unconstitutional and void.

**2. Constitutional Law—School Districts—General Legislation—Special Acts.**

> A statute which creates a public school district and allows a bond issue, upon the approval of voters, for its equipment and maintenance, is a local or special act, prohibited by the Constitution, Art. II, sec. 29, requiring that legislation of this character must be by general provision of law.

APPEAL by defendants from *Connor, J.,* at October Term, 1921, of BRUNSWICK.

The plaintiffs are residents and taxpayers of Brunswick, and the defendants are the board of county commissioners of said county.

Ch. 251, Private Laws 1921, entitled "An act to establish a high school district and issue bonds with which to build and equip high school buildings, and to provide for the payment of said bonds and the maintenance and government of said school," was ratified 8 March, 1921.

The court found as facts that at a special meeting of the board of education of that county held prior to 26 February, 1921, said board, by resolutions, established the "Supply High School District," and lines and boundaries thereof, being identical with the boundaries of the high school district established in the above act of the General Assembly; that said high school district was established by said board of education in expectation of the passage of said bill, and it was expressly provided in said·resolutions of the board that said district was established·upon condition that said bill was passed, and that the bonds and taxes provided there should be authorized by the voters in said district at the election to be provided in said bill; and that in pursuance of said act an election was held in said district, and a majority of voters therein voted for the bond issue and for the tax authorized by said act. It is further found by the court that the board of county commissioners of Brunswick are now about to issue the bonds and levy the taxes provided for in the aforesaid act, and will do so unless restrained and enjoined in this action.

It is provided in aforesaid act: "Said bonds shall be prepared and issued by order of the board of county commissioners of Brunswick for and in behalf of Supply High School District." It is also found as a fact by the court that said Supply High School District, as established· by the resolutions of the board of education and by the aforesaid act of the General Assembly, includes a portion of two townships—Lockwood's Folly and Smithville, in said county. It is also provided in said act: "If at said election a majority of the qualified electors shall vote for high school bonds, the said board of county commissioners of Brunswick shall levy annually thereafter a special tax upon all taxable property in said township for the special purpose of paying the principal and interest of all bonds issued under this act." And it is further provided therein: "In addition to the tax levied to meet the payment of the principal and inter-

est of said bonds, the board of county commissioners of Brunswick are hereby authorized to levy a special tax upon the taxable property in said high school district for the purpose of defraying the expenses of said high school provided by this act." It is also found by the court that the high school buildings to be erected with the proceeds of said bonds are to be erected "in Lockwood's Folly Township," and all the taxable property in said township is made subject to the tax to be levied for the payment of said bonds and interest on the same; that the district for which said bonds are to be issued does not include all of said township, so much of said township as lies within the corporate limits of the town of Shallotte being expressly excluded from the said district, which further includes a portion of Smithville Township, the taxable property of which is not made subject to a tax to be levied for the payment of said bonds.

Upon the foregoing facts, the court held that the bonds the defendants are about to issue and to levy the tax for should be enjoined and the defendants appealed.

*Robert W. Davis for plaintiffs.*
*Smith & Ruark for defendants.*

CLARK, C. J. The proceeds of the bonds in question are to be used for the purpose of erecting a high school building in Lockwood's Folly Township, but the act provides that said bonds shall be issued "for and in behalf of Supply High School District," and said district, as defined in the act and in the resolutions of the board of education of Brunswick County, does not include all of said Lockwood's Folly Township, and does include a portion of Smithville Township, while it is provided that the tax is to be levied for the payment of said bonds "on all the taxable property in said township," thus making the property within the corporate limits of the town of Shallotte subject to the tax, though it is expressly excepted from said district, for which said bonds are to be issued, whereas the act expressly excepts from said district so much of said township as lies in said corporate limits, and further provides that said bonds shall be issued for and in behalf of so much of Smithville Township as is included in said district, whereas the property situated in Smithville Township is not made subject to the tax to be levied for the payment of said bonds.

His Honor, upon the above facts, properly enjoined the defendants from issuing, selling, or disposing of the bonds, and from levying any tax or taxes for the payment thereof. *Comrs. v. State Treasurer,* 174 N. C., 141.

Further, the act is objectionable and invalid because it undertakes to establish a school district, and, being a local or special act, it is prohibited under the express provisions of Art. II, sec. 29, of the Constitu-

tion.  *Trustees v. Trust Co.,* 181 N. C., 306, in which *Hoke, J.,* speaking
for a unanimous Court, construing a somewhat similar act (but without
the discrepancies pointed out in this statute) wherein the Legislature
attempted to create a graded school district in Robeson County, defining
its limits by metes and bounds and authorizing a vote to issue bonds for
buildings and equipments held that "A statute which lays off or defines
by boundary a certain territory as a graded school district within a
county, and provides for an issue of bonds upon the approval of the
voters therein, for the necessary buildings and maintenance, comes
within the recent amendment to our Constitution forbidding the General
Assembly from enacting any local or special act to establish or change
the lines of school districts, making them void, and requiring that legis-
lation of this character must be by general provisions of law, Const.,
Art. II, sec. 29."

The opinion in that case was filed 4 May, 1921, receiving the approval
of a unanimous court, and invalidates the act now before us.   The dis-
crepancies in this act pointed out in the early part of this opinion may
have been due to the fact that it was ratified on the eve of the adjourn-
ment of the General Assembly, 8 March, 1921, one of the very last
private acts ratified by the General Assembly at that session, and doubt-
less it did not receive the close scrutiny it should have had.

Affirmed.