OSCAR GALLOWAY ET AL. v. BOARD OF EDUCATION OF BRUNSWICK
COUNTY ET AL.

(Filed 25 October, 1922.)

**1. Constitutional Law—Racial Discrimination.**

*Held*, on this appeal, there was no evidence to sustain an allegation that
the constitutional inhibition against race discrimination in the distribu-
tion and use of the public school funds had been violated.

**2. Constitutional Law—School Districts—Local Legislation—Statutes.**

Since the enforcement of the amendment to our Constitution, Art. II,
sec. 29, a special act of the Legislature to establish or change the lines,
etc., of a school district, and any proceedings under it, are null and void.

**3. Taxation — School Districts — Statutes—Limitation of Powers—Void
Levy.**

The power of the county board of education to levy a tax under an
election called by the county commissioners, for the purpose of erecting,
enlarging, altering, and equipping buildings, etc., for school purposes,
under Public-Local Laws of 1920, ch. 87, sec. 1, Extra Session, is expressly
therein limited, "unless or until" the qualified electors have voted for the
proposition; and a levy of such tax contrary to this restriction as to the
time thereof is void under the express statutory inhibition.

**4. Same—Void Levies—Elections—Ratification.**

Where the levy of a tax by a county for school purposes is originally
invalid because in violation of an express provision of the statute under
which the levy is proposed to be made, requiring that the levy shall not
be made unless and until the approval of the voters at an election held,
etc., and which has never been modified or changed, the subsequent
approval thereof by the voters cannot have the effect of relating back
and curing the defect, or render the levy a valid one.

**5. Injunction—Taxation—Acts Accomplished—Statutes—Remedy of Tax-
payer.**

Injunctive relief is not available to the taxpayers of a county, where
a tax levy for school purposes has been made, when it appears that under
the levy complained of the moneys have been raised and distributed to
the branches of government entitled thereto, some of which are not parties
to this suit. *Semble*, the only remedy for the injured taxpayers is to pay
the illegal tax under protest and sue to recover the same, as provided by
statute. C. S., 7979.

APPEAL by plaintiffs from *Lyon, J.,* at February Term, 1922, of
PENDER.

Civil action, heard on return to preliminary restraining order.

The action is to obtain an injunction against collecting a tax for
school building purposes in the Southport High School District. From
the facts in evidence, it appeared that under a special act of Legislature,
Pr. St., ch. 251, Laws 1921, an election was held in said alleged dis-

trict in June, 1921, on a proposition for a bond issue for school building purposes, after a new registration was had pursuant to the provisions of the act, and the measure was approved by a large majority of the voters. There being some question as to the validity of the special legislation, and with a view and purpose of securing a tax levy for building purposes for the year 1921, the commissioners ordered another election on the subject under ch. 87, Public-Local Laws, Extra Session, 1920. An election was held on 2 November, 1921, and the measure was again approved by a large majority of the voters. That the election was ordered on 6 September, 1921, by board of county commissioners, the tax was levied on 8 September, a new registration was held as provided by the said act, chapter 87, and the election, as stated, being on 2 November. Present action was instituted in March, 1922, by plaintiff citizens and taxpayers of the district to restrain collecting a tax on ground of levy was illegal, being made prior to election. Second, that there was an unlawful discrimination against colored race in the proposed bond issue and disposition of the proceeds. At the hearing, and before us, the second ground of objection was abandoned as not sufficiently sustained by the facts pertinent, and considering the question on the first ground, as stated, the court found certain relevant facts, and entered judgment as follows:

"1. That the taxes complained of were levied by the board of commissioners on 8 September, 1921, at the time of levying the other taxes for 1921.

"2. That the election was ordered on 6 September, 1921, and regularly held on 2 November, 1921.

"3. That the tax books for the collection of said tax and the general taxes were placed in the hands of the sheriff of said county for collection on 5 December, 1921.

"4. Said election, held on 2 November, 1921, was under and by virtue of ch. 87, Public Laws 1920, Extra Session.

"It is considered and adjudged that the restraining order and injunction heretofore granted in this action be and the same is now dissolved and vacated. And it is further considered and adjudged that the sheriff shall proceed to collect said tax."

It was subsequently made to appear of record that after the judgment dissolving the restraining order, the tax was collected by the sheriff, settlement had with the county commissioners for all the taxes collected by that officer for the years 1920-21, including the tax complained of. Said tax was distributed to the different funds for which they were collected, etc.

*John D. Bellamy & Sons for plaintiffs.*
*J. W. Ruark and C. Ed. Taylor for defendants.*

HOKE, J. The decisions of this court have been very insistent in upholding the constitutional guarantee against race discrimination in the distribution and use of the public school funds, and it is gratifying that in the present case there were no facts in evidence to sustain such an allegation. *Williams v. Bradford,* 158 N. C., 36; *Bonitz v. School Trustees,* 154 N. C., 375; *Lowery v. School Trustees,* 140 N. C., 33; *Riggsbee v. Durham,* 94 N. C., 800; *Puitt v. Comrs.,* 94 N. C., 709. On plaintiff's other ground of impeachment, and as we understand the record, it appears that the first election in these proceedings was under Private Laws 1921, ch. 251, and this being a special act attempting to establish or change the lines of a school district, is in violation of the recent amendments to our Constitution appearing chiefly in Art. II, sec. 29, and the act itself, and any attempted proceedings under it, are null and void. *Sechrist v. Comrs.,* 181 N. C., 511; *Trustees v. Trust Co.,* 181 N. C., 306; *Robinson v. Comrs.,* 182 N. C., 591; *Woosley v. Comrs.,* 182 N. C., 433. As to the validity of the tax levy under and by virtue of the second election, that as his Honor finds and the evidence shows, was held under Public-Local Laws of 1920, ch. 87, Extra Session, and it appearing that the levy of this tax was made on 8 September, the last month in which such a levy could be made under the revenue laws of 1921, and the election purporting to ratify the levy was not held until 2 November following. Being held under the statutes referred to, the limitations contained therein should ordinarily be allowed to prevail, and on perusal of first section of chapter 87, it appears that while a bond issue and a tax levied therefor are authorized "for the purpose of erecting, enlarging, altering, and equipping school buildings and acquiring land for school buildings of the school district, or for any or more of *said purposes,*" said section also provides: "That no bonds shall be issued under this act, nor any special tax levied, unless and until the question of such issue and levy shall have been submitted to the qualified voters of such school district at a special election to have been held for the purpose, and a majority of the qualified electors shall vote in favor of issuing said bonds and levying said tax." In *Mann v. Allen,* 171 N. C., 219, the Court has held that "unless a statute from its language, purpose, and context clearly requires the contrary, the term 'levy,' when applied to question of taxation of the kind signified, the levying or imposition of the tax by legislation or under legislative sanction," and the statute therefor in terms too plain to admit of construction, prohibits a tax levy for the designated purpose, *"unless and until"* the qualified electors have voted for the proposition. True, we have held that an act which could have been originally authorized may be ratified, and that the principal, in proper instances, applies both to legislative bodies and the electorate as well. *Board of Education v. Comrs.,* 183 N. C.,

300; *Hammond v. McRae,* 182 N. C., 747. But the position, in our opinion, has no application to the facts presented here, where the only statute under which the electorate acted, and which expresses the lawful limit to its powers, forbids that any levy be made until the electors of the district shall have approved the same by their vote. While we are thus constrained to differ with his Honor as to the validity of the tax levy, we are of opinion that his order dissolving the injunction should not be now disturbed for the reason that it further appears by affidavit received as pertinent to the inquiry and without objection noted that the tax in question had been collected, accounted for on settlement with the municipal authorities, and paid over to persons not parties to the record, and in such case our decisions hold that the appeal should be dismissed, for, on the facts as presented, relief by injunction is no longer available to the parties. *Griffith v. Board of Education,* 183 N. C., 408; *Allen v. Reidsville,* 178 N. C., 513; *Sasser v. Harriss,* 178 N. C., 322; *Moore v. Monument Co.,* 166 N. C., 211; *Pickler v. Board of Education,* 149 N. C., 221. It would seem that in a case like the present, and assuming that the facts contained in the additional affidavit are accepted or established at the hearing, the only remedy for an injured taxpayer is to pay the illegal tax under protest and sue to recover the same as provided in C. S., 7979, a relief, however, that is not within the scope and purview of the present action.

For the reasons heretofore given, the appeal is dismissed at the appellees' cost.

Dismissed.