J. S. HINSON, H. L. EVANS, CARL ROSE, JOHN COLBERT, R. S. WALTERS, AND J. A. LYONS v. THE BOARD OF COMMISSIONERS OF YADKIN COUNTY, D. A. REYNOLDS, J. W. SHORE, AND L. L. SMITHERMAN, COMMISSIONERS.

(Filed 19 June, 1940.)

ON rehearing appeal of defendants from *Ervin, Special Judge,* at Chambers in Newland, N. C., 6 July, 1939. Reversed.

*Barker & Hampton and Folger & Folger for plaintiffs, appellees.*
*Wm. M. Allen, Hoke F. Henderson, and David L. Kelly for defendants, appellants.*

SEAWELL, J. Chapter 525, Public-Local Laws of 1939, applicable to Yadkin County, provides that upon the receipt of a petition signed by not less than ten per cent of the qualified voters of the territory described in the petition, the County Board of Education may create a school district and define the boundaries thereof; and that upon a further petition by the County Board of Education the Board of County Commissioners shall order a special election to be held in such district upon the question of issuing bonds and notes and levying tax for the payment thereof; and may, upon a favorable vote, proceed to issue such bonds and notes.

Under this act petitions were duly filed, the district created, and an election held; and the defendants undertook to issue the bonds and incur the indebtedness provided for in the act. The plaintiffs, citizens and taxpayers of Yadkin County, brought an action to restrain the issue of the bonds and further proceedings, for that the statute above cited offends against Article II, section 29, of the Constitution, and is, therefore, void.

A temporary restraining order was issued and hearing upon an order to show cause why the injunction should not be continued to the hearing was had before Hon. Sam J. Ervin, Special Judge, at Chambers in Newland, N. C., on 6 July, 1939. Finding pertinent facts, the judge continued the injunction to the hearing upon the ground that the statute was offensive to the section of the Constitution referred to, providing that the General Assembly shall not "pass any local, private, or special act or resolution . . . establishing or changing the lines of school districts."

The statute is similar to that discussed in *Fletcher v. Comrs. of Buncombe, ante,* 1, and there is no necessity for a further discussion of the principles involved. Upon authority of that case, the judgment of the court below, continuing the injunction to the hearing, is

Reversed.

BARNHILL, J., dissenting: I am compelled to dissent to the majority opinion for the reasons set forth in my dissent filed in *Fletcher v. Comrs. of Buncombe, ante,* 1, and for a further reason not therein set out, which reason is equally applicable to the *Fletcher case, supra.*

In prohibiting the enactment of local laws creating school districts or changing or altering the lines thereof, Art. II, sec. 29, of the Constitution provides: "Nor shall the General Assembly enact any such local, private or special act by the partial repeal of a general law." The local law under which defendants seek to create a school district was, in this case, enacted after the General School Machinery Act of 1939. It constitutes a partial repeal of at least two of the provisions of the general law, to wit: (1) The provision that no taxes shall be levied except as

provided in the general law, and (2) The provision that the capital out-lay funds shall be provided by a county-wide levy.

I do not consider *Brown v. Comrs.,* 173 N. C., 598, authoritative. At the time that decision was rendered the State had not assumed control of the State Highways or the maintenance of county roads. The act under consideration in that case was not in conflict with any State policy and there is no provision in the Constitution requiring the State to construct and maintain public roads similar to the requirement in respect to schools, and it related exclusively to financing roads.

DEVIN and WINBORNE, JJ., concur in this opinion.