This is an action to prevent the collection of a tax, alleged to be invalid, heard on the following agreed statement of facts:
"1. That the Legislature, at its Session of 1913, passed an act entitled `An act to incorporate Wake Forest Graded School District.'
"2. That at its Session in 1919 the Legislature, by an act, being chapter 3, Private Laws of 1919, attempted to amend the said chapter 376 of Private Laws of 1919, same being the charter of the Wake Forest School District, by striking out sections 3, 4, and 5 of said act, and inserting in lieu thereof certain other sections, which are set forth in section 1 of the said chapter 3, Private Laws of 1919, as sections 3 to 16, both inclusive.
"3. The said chapter 3, Private Laws of 1919, provided that the management and control of the public schools in said district should be vested in a board of trustees, who should have exclusive control of the schools, prescribe rules and regulations for their conduct, elect teachers, etc., and should have the power and authority to issue bonds of said school district in an amount not exceeding $25,000 for the purpose of providing such school buildings as may be required, and in furnishing and equipping same. The said act further provided that the provisions therein should be submitted to the qualified voters of the said district for their approval at an election to be held on 5 May, 1919; that at said election those favoring the approval of the act, the issuing of $25,000 of bonds, and the levying of a special tax for the payment of principal and interest on said bonds, and for the purpose of defraying the expenses of the said district, which tax was not to exceed fifty cents on the one hundred dollars assessed valuation, and one dollar and fifty cents on the poll, should vote `For graded schools,' and those opposed should vote `Against graded schools,' and at said election five trustees should be elected.
"4. That the said chapter 3, Private Laws of 1919, provided further that in the event the said act is approved by the voters of said district, and the issuing of the bonds is approved, the board of county commissioners of Wake County should annually levy and collect the said tax as authorized by the said act, and should pay same over to the said trustees for disbursements.
"5. That pursuant to the provision of the said chapter 3, Private Laws of 1919, an election was duly held in the said school district on 5 May, 1919, for which said election the total number of registered voters was ninety-seven (97), and ballots were cast as follows: For graded school, 75; against graded school, 1. On the same day and at the same election the following votes were cast for members of the board of trustees of the said school district: For John M. Brewer, 76 votes; for W. W. Holding, 76 votes; for I. O. Jones, 76 votes; for W. R. Powell, *Page 405 
76 votes, and for R. B. White, 76 votes; that pursuant to section 10 of chapter 3, Private Laws of 1919, the registrar and pollholders of said election duly filed their report of same with the board of commissioners of Wake County, which report was duly canvassed by the commissioners, and the election found to have carried.
"6. That the defendants, as will appear from the report of the said registrar and pollholders, were declared to have been elected trustees of the said school district; and have proceeded to take charge of the management and conduct of the schools within said district, and are now planning and attempting under the authority contained in the said chapter 3, Private Laws of 1919, to issue and sell $25,000 of bonds for the said school district, and attempting to secure the levy of a tax by the board of county commissioners of Wake County sufficient to pay the interest and principal on said bonds.
"7. That plaintiff contends that the trustees of the said Wake Forest School District, the defendants herein named, have no authority to issue the said bonds, nor to secure the levy of a tax to pay the interest of said bonds and the principal thereof as same falls due, for that chapter 3, Private Laws of 1919, which special act purports to grant the authority and power for such bond issue and tax levy, although read three several times, and the yeas and nays on the second and third readings duly entered on the Journal of each House of the General Assembly and ratified 7 March, 1919, is an invalid act, being unconstitutional, and in violation of section 1 of Article VIII of the Constitution, in that it is a special act extending, altering, and amending the charter of a corporation, to wit, the Wake Forest School District; defendants contend that section 1 of Article VIII of the Constitution does not apply to municipal, public, quasi-public, orquasi-municipal corporations, including school districts and other special-tax districts, acting as governmental agencies, in that the said section 1 of Article VIII refers only to corporations other than municipal corporations such as private or business corporations; and that the said act confers full authority and power on the trustees to issue the said bonds as approved by the voters, and to require the levy of a tax for the payment of the principal and interest thereof."
Judgment was rendered as follows:
"This cause coming on to be heard upon the agreed statement of facts and the affidavit of plaintiff and defendant, it is, after hearing argument of counsel, now, therefore, found and determined.
"1. That the act, chapter 3, Private Laws of 1919, is a valid and constitutional act, not having been passed in violation of section 1 of Article VIII of the Constitution of North Carolina, for that the prohibition contained in said section 1 of Article VIII, against the extension, alteration, or amendment by special act of the charter of a corporation *Page 406 
applies only to corporations other than municipal, and does not apply to municipal, quasi-municipal, public, or quasi-public corporations.
"2. That the said act is full authority, with the approval of the voters of the district, for the issuance of the bonds and the levying of the tax.
 "3. Plaintiff will pay the costs of this action. JOHN H. KERR, Judge Presiding."
The plaintiff excepted and appealed.
School districts, incorporated by act of the General Assembly, are public municipal corporations, and as such come under the provisions of Article VII of the Constitution, entitled "Municipal corporations" (seeSmith v. School Trustees, 141 N.C. 150, where the question is fully discussed. Also Williams v. Comrs., 176 N.C. 557), and not under Article VIII, which "Is entitled `Corporations other than municipal,' and section 1 would seem clearly to have reference to private or business corporations, and does not refer to public or quasi-public corporations acting as governmental agencies." Mills v. Comrs., 175 N.C. 218.
There is therefore no error in holding that the act of 1919, amending the act incorporating the school district, a municipal corporation, is not in conflict with Article VIII, section 1, of the Constitution, which applies to private corporations.
Affirmed.