MRS. AURA C. HOLTON v. TOWN OF MOCKSVILLE.

(Filed 31 January, 1925.)

1. **Municipal Corporations—Cities and Towns—Street Improvements—Assessments—Burden of Proof.**

Upon the question as to whether assessments had been lawfully made by a town against the plaintiff's land abutting upon a street, improved, for the purpose of the improvement, the burden is upon the defendant town to show the affirmative of the issue.

**2. Municipal Corporations—Cities and Towns—Streets—Improvements—Assessments—Evidence—Statutes—Records.**

Where the plaintiff contends in her action that assessments had not been made, in pursuance to a statute, upon her land abutting on a street, improved, it is competent for the defendant town to show, as a part of its public records affecting the question, the typewritten resolution, regularly adopted at a meeting of its commissioners, authorizing the assessment, among the other necessary requirements of the statute.

**3. Same—Maps.**

Under the provisions of C. S., 2711, it is required that, in proceedings by a town to assess the owners of lots abutting upon streets improved, that an assessment roll be made, showing the names of the owners of the lots, amounts assessed against each, with a brief description of the lots, etc.: *Held,* competent to introduce a map made by the city engineer, duly approved by the city commissioners, as evidence that this statutory requirement had been complied with.

**4. Evidence—Nonsuit—Municipal Corporations—Streets—Assessments—Statutes.**

In a suit to restrain the collection of an assessment by the town on plaintiff's land abutting on a street, for the purpose of improvement thereon, plaintiff's motion, at the close of defendant's evidence, for judgment upon her exception, is in effect a motion for judgment as of nonsuit upon the evidence, under the provisions of our statute (C. S., 567), and will be denied when there is sufficient legal evidence to sustain the assessment.

**5. Municipal Corporations—Cities and Towns—Streets—Improvements—Assessments—Constitutional Laws.**

While a compliance with a statute requiring a petition from the owners of lots abutting a street to be improved by assessment of a part against the owners, is material and imperative, the Legislature has the power to provide by local statute that such assessments be validly made, without the necessity of such position; and a curative statute, validating previous assessments, made without compliance with a like provision, is not objectionable as inhibited by our Constitution, Art. VIII, sec. 4, requiring general laws for the improvement of cities, or under the provisions of our Constitution prohibiting the passage of retroactive laws, etc.

**6. Same—Special Benefits.**

The owner of lands along a street improved by a town receives special benefits to his lots by reason of the improvements, and for such benefits his property may be assessed equally with those of other owners thereon; and he may not complain that his property is subject to taxation for a bond issue for the general street improvements of the town, when the statute under which the special assessments are made provides that such assessments be used as a payment upon the bonds, thus giving him a benefit therein.

APPEAL by plaintiff from judgment rendered by *Webb, J.,* at May Term, 1924, of DAVIE.

10—189

Plaintiff, by exceptions filed, attacks the validity of assessments levied by defendant upon two lots of land fronting on Depot Street and situate within the corporate limits of the town of Mocksville. These assessments were levied for street and sidewalk improvements made by defendant pursuant to a resolution adopted by the board of commissioners of said town at a meeting held on 12 January, 1920. The issues submitted to the jury, with answers thereto, were as follows:

"1. What amount is the town of Mocksville entitled to recover of plaintiff, Mrs. Aura C. Holton, by reason of assessment on lot No. 12, as shown on the assessment roll introduced in this case? Answer: $511.50.

2. What amount is the town of Mocksville entitled to recover of plaintiff, Mrs. Aura C. Holton, by reason of assessment on lot No. 10, as shown on the assessment roll introduced in this case? Answer: $277.50."

Upon this verdict judgment was rendered declaring that the amounts were proper charges or assessments upon the two lots, and that defendant has liens on said lots respectively for the said sums as provided by law. Plaintiff's prayer for a restraining order was denied and defendant was authorized to collect said sums as provided in the resolution under which the improvements were made. From this judgment plaintiff appealed. Assignments of error appear in the opinion.

*E. L. Gaither, Holton & Holton, Thomas N. Chaffin, and A. T. Grant, Jr., for plaintiff.*
*Jacob Stewart and Plummer Stewart for defendant.*

CONNOR, J. Upon completion of the improvements authorized and directed to be made on Depot Street in the town of Mocksville on the ........ day of February, 1922, the total cost of said improvements was computed and ascertained by the board of commissioners of the town of Mocksville. Thereupon an assessment roll was made by the said board on which was entered the names of the persons assessed as owners of lots fronting on said street and the amounts assessed against such owners respectively. The location of these lots on said street, with their property lines and frontage in lineal feet, respectively, was shown on the map prepared by the city engineer, under whose supervision the improvements were made. The amounts assessed against the lots were determined by a calculation based upon the total cost of said improvements, less one-half, charged to the town of Mocksville, the remaining one-half being apportioned to the respective lots abutting on said improved street, in accordance with the frontage of each lot in lineal feet. The assessment in accordance with this calculation upon lot No. 10 was $277.50, and upon lot No. 12, $511.50. Plaintiff is designated on the map or assessment roll as the owner of these lots. This assessment

roll was filed in the office of the board of commissioners of the town and remained there subject to inspection by all persons interested. On 6 November, 1923, at a meeting of the board, a resolution was adopted directing that notice be published in the *Mocksville Enterprise,* a newspaper, as required by law, that a meeting of the board would be held on 18 January, 1924, when and where any objections to the said assessments would be heard. This notice was published. On 18 January, 1924, the meeting ·was held and plaintiff appeared by her attorney. Other persons interested in the assessments appeared, some in person and some by attorneys. No objections having been made to the assessments as they appeared on the assessment roll, the same was approved and confirmed by the board in a resolution adopted and recorded upon the minutes of the said meeting. Notice was thereafter published by the city tax collector informing all persons interested that the assessment roll for the improvements on Depot Street has been confirmed and that the amounts assessed were due and collectible as stated in said notice.

On 28 January, 1924, plaintiff, through her attorney, caused notice to be served on defendant that she was dissatisfied with the amount charged or assessed against her property on Depot Street; that she excepted to said assessment and appealed therefrom to the Superior Court of Davie County. Plaintiff thereafter filed exceptions setting forth specifically the grounds upon which she attacked the validity of the assessments.

Upon the issues submitted to the jury, to which no exception appears in the statement of the case on appeal, the burden was upon the defendant, who contended that they should be answered in the affirmative. His Honor properly held that defendant should first offer evidence sufficient to sustain its contention that assessments had been lawfully and properly made upon the lots owned by plaintiff and that the amounts assessed were correct.

Plaintiff objected to the introduction of a typewritten paper purporting to be a resolution adopted at a meeting of the board of commissioners held on 12 June, 1920, authorizing and directing that Depot Street from the eastern boundary of the Public Square to the depot of the Southern Railway Company in said town and the two sidewalks thereon be graded and paved in accordance with specifications set out in the resolution, and that the cost of such improvement be paid, one-half by the town and one-half by the owners of lots fronting or abutting on said street according to the extent of the respective frontage of the said lots by an equal rate per foot of such frontage. The competency of this evidence does not depend upon whether or not a petition had been filed by owners of property to be affected by the improvements. Whether

or not the cost of improvements made pursuant to a resolution passed without a petition as required by C. S., 2706 can be assessed upon lots affected by the improvement was not presented to the Court by this objection. The resolution may be competent evidence, although not sufficient of itself to support in law an assessment. There was evidence that the paper-writing offered was prepared by the town attorney in accordance with instructions of the board of commissioners and filed with the town records. It was subsequently entered upon the minutes of the town, and at the date of the trial was produced as a part of the public records of the town. The objection to the introduction of this paper-writing was properly overruled and the assignment of error based on plaintiff's exception to said ruling is not sustained.

Plaintiff objected to the paper-writing offered in evidence by defendant as the assessment roll required by the statute. It is provided in the statute (C. S., 2711) that the assessment roll shall show the names of the persons whose lots are assessed, the amounts assessed against each lot. and a brief description of the lots or parcels of land assessed. The paper-writing offered by the defendant is a map, prepared by the city engineer, of the street running from the station of the Southern Railway Company to the Public Square, showing thereon the lots abutting on said street, on both sides; the property lines of each lot with the frontage in lineal feet and the name of the owner, together with the amount assessed. Each lot is assessed at the rate of $3.75 per lineal foot. This map contains all the information required by the statute and is a substantial compliance with its requirements. The objection was overruled. The assignment of error based upon the exception to this ruling is not sustained.

At the conclusion of the evidence offered by defendant, plaintiff moved for judgment upon her exceptions and for judgment permanently restraining defendant from collecting said assessments. This motion was in effect a motion for judgment as of nonsuit under C. S., 567. It presents to the Court the question whether upon all the evidence the plaintiff's lots had been lawfully assessed and whether or not the amounts levied against them were valid liens. The motion was denied. Plaintiff excepted and assigns as error the refusal of the court to grant the motion.

Plaintiff contends that the assessment was without authority of law because there was no petition signed by the owners of lots abutting on the street directed to be improved by the resolution passed on 12 June, 1920. No petition, as required by C. S., 2706, was offered in evidence by defendant. This is a fatal defect, and nothing else appearing, would invalidate assessments made under the proceedings, beginning with the resolution of 12 June, 1920, and ending with the resolution of 18 Janu-

ary, 1924. *Tarboro v. Forbes,* 185 N. C., 59. In the learned opinion filed in this case by *Justice Adams* for the Court, it is said: "While a slight informality of procedure or a failure to observe a provision which is merely directory will not generally affect the validity of an assessment, it is nevertheless true that any substantial and material departure from the essential requirements of the law under which the improvement is made, will render an assessment therefor invalid. The proceeding discloses a material defect in that the signers of the petition, although a majority in number of owners, do not represent a majority of all the lineal feet of frontage of the lands abutting upon the improved avenue as required by statute."

If a proceeding is invalid to support special assessments because the petition filed was defective, of course it follows that the proceeding is invalid for that purpose where no petition whatever is filed as required by statute.

Defendant offered in evidence chapter 86, Private Laws 1923, entitled "An act relating to the financing of street and sidewalk improvements in the town of Mocksville." This act provides that "the said board of commissioners (of the town of Mocksville) shall have power to levy special assessments as herein provided (*i. e.,* without petition as required by C. S., 2706) for or on account of street and sidewalk improvements now in progress or completed within two years prior to the ratification of this act. All proceedings heretofore taken by the board of commissioners of said town for the levying of special assessments are hereby legalized and validated." This act was ratified on 23 February, 1923. The improvements for the payment of which the assessments involved in this action were made, were completed in February, 1922. This act is sufficient in its terms to cure the defect in the proceeding and to legalize and validate the assessment. Plaintiff, however, attacks the constitutionality of the act, contending that by section 4 of Article VIII of the Constitution of North Carolina, the General Assembly was without power to enact it, and that the act is void because retroactive and retrospective.

Section 4 of Article VIII of the Constitution imposes upon the General Assembly the duty to provide by general laws for the improvement of cities, towns and incorporated villages. It does not, however, forbid altering or amending charters of cities, towns and incorporated villages or conferring upon municipal corporations additional powers or restricting the powers theretofore vested in them. We find nothing in section 4, Article VIII of the Constitution rendering this act unconstitutional, nor does the act relate to any of the matters upon which the General Assembly is forbidden by section 29 of Article II to legislate. *Kornegay v. Goldsboro,* 180 N. C., 441.

Nor can the act be successfully attacked because it is retroactive or retrospective. The General Assembly having the power in the first instance to confer upon the authorities of a municipal corporation power to improve its streets and sidewalks and to assess the owners of abutting property with a part of the cost of such improvements without a petition, has the power to validate proceedings for the improvement of streets and sidewalks which were begun and which have been concluded without an initial petition. This power has been recognized and its exercise approved as within the constitutional authority of the General Assembly by this Court. *Belo v. Comrs.,* 76 N. C., 489; *Wharton v. Greensboro,* 149 N. C., 62; *Anderson v. Wilkins,* 142 N. C., 154; *Edwards v. Comrs.,* 183 N. C., 58; *Board of Education v. Board of Comrs., ibid.,* 300. The assignment of error based upon the exception to the refusal of the court to render judgment as of nonsuit is not sustained.

Plaintiff complains that the town of Mocksville was authorized by chapter 93 of the Private Laws of 1921 to issue bonds for the improvement of streets within the corporate limits of the said town and that bonds were issued pursuant to this act to defray the expenses incurred in improving Depot Street. It is expressly provided, however, in section 3 of said chapter that in case special assessment shall be levied on account of street or sidewalk improvements paid for in whole or in part by means of the proceeds of the said bonds, said special assessments shall be used to pay said bonds, thus reducing the amount of *ad valorem* taxes required to be levied for that purpose. Plaintiff, having received a special benefit accruing from the improvement of the street on which her lots abut, is required to pay the amount assessed for such special benefit. This requirement is made of all other persons who own lots abutting on said street which are specially benefited by said improvements. Plaintiff and these other lot owners will have the *ad valorem* tax which they are required to pay on account of the issue of the said bonds reduced so that she and they will bear no greater burden than that borne by other property owners in Mocksville, while, having received a benefit which other property owners do not receive, they are required to pay for same. There is no objection on the ground that the amounts assessed are not correct; the only objections are that the assessments were without authority of law. These objections are not sustained. We find

No error.