IN RE: ANNEXATION ORDINANCE NO. 866, ADOPTED BY CITY OF
      RALEIGH, N. C., MARCH 31, 1960 — AREA #1.
IN RE: ANNEXATION ORDINANCE NO. 867, ADOPTED BY CITY OF
      RALEIGH, N. C., MARCH 31, 1960 — AREA #2.
IN RE: ANNEXATION ORDINANCE NO. 868, ADOPTED BY CITY OF
      RALEIGH, N. C., MARCH 31, 1960 — AREA #3.
IN RE: ANNEXATION ORDINANCE NO. 869, ADOPTED BY CITY OF
      RALEIGH, N. C., MARCH 31, 1960 — AREA #4.
IN RE: ANNEXATION ORDINANCE NO. 870, ADOPTED BY CITY OF
      RALEIGH, N. C., MARCH 31, 1960 — AREA #5.

(Filed 20 January, 1961.)

1. Appeal and Error § 49—

The findings of fact of the trial court, upon review of municipal annexation ordinances, that the statutory procedure had been substantially and sufficiently complied with, are conclusive and binding on appeal when supported by competent evidence. G.S. 160-453.13 *et seq.*

2. Municipal Corporations § 2:    Constitutional Law § 8—

The constitutional restriction against delegation of power by the General Assembly to make law does not apply to municipalities or counties, and the General Assembly has the power, unhampered by constitutional restrictions, to provide statutory procedure for the annexation of territory by municipalities.

3. Same—

G.S. 160-453.13 *et seq.* declares the policy of the State in regard to the annexation of territory by municipalities having a population of five thousand or more and provides in detail the procedure, guiding standards and requirements of annexation under the statute, and delegates to the governing boards of such municipalities only the discretionary right to employ the procedure outlined in the statute provided that the

requirements and guiding standards of the Act are complied with, and therefore the statute does not contravene either Article I, section 8, or Article II, section 1, of the Constitution of North Carolina.

### 4. Municipal Corporations § 2—

Where the governing body of a municipality in good faith obtains all of the information required by the annexation statute with respect to the character of the area or areas to be annexed, the density of the residential population therein, the boundaries thereof and the percentage of such boundaries which are contiguous to the municipality's boundaries, and provides or makes provision to extend all governmental services to the annexed areas, the compliance with the statute is substantial and real and cannot be considered a mere ritual of conformity.

### 5. Constitutional Law § 24—

The fact that a statute providing for the annexation of territory by municipalities fails to provide for trial by jury in cases arising under the Act does not render the Act unconstitutional, the right to trial by jury in such instances not being required. Constitution of North Carolina, Article I, section 19.

### 6. Constitutional Law § 24—

The constitutional right to trial by jury applies only to cases in which the prerogative existed at common law or was secured by statute at the time the Constitution was adopted.

### 7. Constitutional Law § 20: Statutes § 2—

A statute is a public law notwithstanding that it is not applicable to all parts of the State, it being sufficient to constitute it a public law if it applies equally to all persons within the territorial limits described in the Act.

### 8. Same

G.S. 160-453.13 *et seq.* is a public law, *notwithstanding twelve counties* of the State are excluded from its provisions, and the statute does not violate Article VIII, section 4, of the State Constitution, since that constitutional limitation does not preclude the General Assembly from conferring particular powers on municipalities by special acts and since Article VIII, section 1, of the State Constitution does not refer to public or quasi-public corporations acting as governmental agencies.

### 9. Constitutional Law § 24: Municipal Corporations § 2—

The fact that the resident of territory annexed by a municipality are brought within the city without their consent and their property made subject to future city taxes does not deprive such residents of their liberty or property without due process of law. Article 1, section 17, of the Constitution of North Carolina; Fourteenth Amendment to the Constitution of the United States.

Appeal by petitioners from *McKinnon, J.,* 1 August Civil Term, 1960, of Wake.

The General Assembly enacted Chapter 1009 of the 1959 Session

Laws of North Carolina, now codified as General Statutes 160-453.13 through 160-453.24, providing a new method for the extension of the corporate limits of municipalities having populations of five thousand or more. The Act is a meticulously drafted statute, providing for the annexation of areas by such municipalities, including prerequisites to annexation, description of the character of the area to be annexed, the required density of resident population, the procedure for annexation, and a provision for judicial review.

On or about 1 February 1960 the governing body of the City of Raleigh, pursuant to authority contained in G.S. 160-453.17, adopted a series of five Resolutions of Intent to consider the annexation of five defined areas, numbered 1, 2, 3, 4 and 5 respectively, as set out in the respective resolutions, and fixed the 7th day of March 1960, at 2:15 p.m., in the City Courtroom in the City Hall of the City of Raleigh for a public hearing in connection with the proposed annexations, as required by G.S. 160-453.17 (a) (b).

The annexation report required by G.S. 160-453.15 was made public on 15 February 1960 and contained the required detailed information as to each of the five areas proposed to be annexed.

The public hearing was held as scheduled and the annexation report was explained in detail at the hearing by a representative of the City of Raleigh as required by G.S. 160-453.17 (d), after which all persons present and desiring to be heard, according to the minutes of the City Council of the City of Raleigh, were heard.

On 31 March 1960 the City Council of the City of Raleigh adopted Annexation Ordinances Nos. 866, 867, 868, 869 and 870, annexing areas Nos. 1, 2, 3, 4 and 5 respectively as set out by metes and bounds in the respective Annexation Ordinances, and providing that the annexations should be effective from the date of their adoption.

Residents in each of the five annexed areas filed a petition for review, as authorized by G. S. 160-453.18, alleging noncompliance on the part of the City of Raleigh with the statutory requirements of Chapter 1009 of the Session Laws of 1959, and attacking the constitutionality of the Act on the grounds that it violated Article I, sections 8, 17 and 19, Article II, section 1, and Article VIII, section 4 of the Constitution of North Carolina and the Fourteenth Amendment to the Constitution of the United States. These five petitions were heard and considered together in the Superior Court by the trial judge without a jury as provided in G.S. 160-453.18 (d) and (f).

The findings of fact, the conclusions of law and the judgments of the court in each of the five proceedings were in every material aspect as hereinafter set out with respect to area No. 1. The num-

bering of paragraphs and the exceptions set out in the respective petitions vary in a few instances but there is no variation of any factual significance in the contents of the respective petitions. The findings of fact and the conclusions of law are set out in each judgment involving the respective areas; the exceptions to the findings of fact and the respective judgments are identical in purpose but the numbering of the exceptions differ in each of the respective proceedings.

"This matter coming on to be heard, without the intervention of a jury, before the undersigned Judge of Superior Court at the August First Regular 1960 Civil Term of Superior Court of Wake County was, by consent of the attorneys for the parties, consolidated for trial upon appeals from adoption by the City of Raleigh of annexation ordinances Nos. 866, 867, 868, 869, and 870, involving similar annexations.

"At the conclusion of the evidence offered by both petitioners and respondent, it was agreed by the parties that the court could render judgment out of term and out of the district.

"The questions of fact raised by the pleadings are as follows:

"Has the City of Raleigh failed to provide the services enumerated below or to make plans for the extension of utilities to the annexed area in conformity with Part 3, Article 36, Chapter 160, of the General Statutes of North Carolina, in any of the following respects?

"(a) Police protection
(b) Park and recreational facilities
(c) Street lighting
(d) Water main extensions
(e) Sewer main extensions.

"Or does the population of the annexed area fail to meet the requirements of G.S. 160-453.16 and G.S. 160-453.22?

"The only questions of law raised by the pleadings are as follows:

"Is Chapter 1009, Session Laws of North Carolina 1959, invalid as violative of any of the following constitutional provisions?

"(a) Article I, section 8, and Article II, section 1, of the North Carolina Constitution in that it unlawfully delegates legislative authority.

"(b) Article I, section 17, of the North Carolina Constitution and the 14th Amendment to the U. S. Constitution as depriving petitioners of their liberty and property without due process or against the law of the land.

"(c) Article VIII, section 4, of the North Carolina Constitution because twelve counties were excluded from the Act.

"(d) Article I, section 19, of the North Carolina Constitution by denying trial by jury.

"The court having given due consideration to the contentions of the parties, the pleadings, the record and oral evidence, and the argument of counsel, finds the following facts and makes the following conclusions of law: * * *

"1. That on March 31, 1960, the City of Raleigh annexed five separate contiguous areas described in annexation ordinances Nos. 866, 867, 868, 869 and 870, and the annexation report hereinafter referred to.

"2. That the owners of land in the annexed area filed, within the time required by law, petitions for review of the annexation ordinances and the proceedings leading up to their adoption in the Superior Court of Wake County.

"3. That the City of Raleigh, within the time required by law, transmitted to the Superior Court a transcript of the portion of the City's journal or minute book in which the procedure for annexation had been set out and a copy of the report setting forth the plans for extending services to the annexed area as required by G.S. 160-453.18 (c). The report of the proceedings so certified was considered by the court as a part of the record.

"4. That the petitioners concede and the court finds that the questions raised by paragraph 4 and exceptions 3(b), 5(a) and 6(a) of paragraph 7 of the petition for review have been determined adversely to petitioners by decisions of the Supreme Court in *EAKLEY v. CITY OF RALEIGH*, 252 N.C. 683, and *UPCHURCH v. CITY OF RALEIGH*, 252 N.C. 676.

"5. That there is no exception and no evidence tending to show:

"(a) That the respondent failed to make plans and prepare and adopt a report as required by G.S. 160-453.15; that the report setting forth plans of the City of Raleigh for extending to the area to be annexed the major municipal services performed within the City at the time of annexation did not provide for extending fire protection, garbage collection and street maintenance service to the area to be annexed substantially on the same basis and in the same manner as such services were provided within the rest of the municipality prior to annexation.

"(b) That the entire area did not meet the standards of G.S. 160-453.16 (b).

"(c) That the area which did not meet the requirements of G.S. 160-453.16 (c) did not meet the standards of G.S. 160-453.16 (d).

"(d) That the procedure followed by the City did not in form com-

ply with the provisions of the law, particularly G.S. 160-453.17, except that petitioners did raise a question as to the openness and fairness of the public hearing held to consider annexation in conformity with G.S. 160-453.17.

"6. With respect to the specific exceptions set out in paragraph 7, the court finds:

"(a) *Exceptions 1 and 7.* That the evidence does not show that annexation ordinance No. 866 is not in promotion of sound urban development or that the area annexed is not being intensively used for residential, commercial, industrial, institutional and governmental purposes, or that the area is not undergoing such development; that the evidence does not show that the respondent, in seeking annexation, was not motivated by promotion of sound urban development or that its plans and actions were contrary to the purposes and authority granted by the statute.

"(b) *Exception No. 2.* That the evidence does not show the provisions of the annexation report setting forth plans for extending police protection to the annexed area do not comply with the provisions of G.S. 160-453.15 (3). The court finds as a fact that the provisions of the report for extending police protection do sufficiently comply with the statute.

"(c) *Exception No. 3.* The court finds that the report setting forth the plans for providing recreational facilities to the annexed area is adequate to provide such facilities on substantially the same basis and in the same manner as such services were provided within the rest of the municipality prior to annexation.

"(d) *Exception No. 4.* The court finds that the report setting forth the plans for providing street lighting for the annexed area is adequate to provide such facilities on substantially the same basis and in the same manner as such facilities were provided within the rest of the municipality prior to annexation.

"(e) *Exceptions Nos. 5 and 6.* That the plan in the report for the extension of major water trunk mains and sewer outfall lines into the area annexed met the requirements of G.S. 160-453.15 (3) (b) (c), so that when such lines are constructed, property owners in the area to be annexed will be able to secure public water and sewer service according to the policies in effect in the City for extending water and sewer lines to individual lots or subdivisions. While the plan in the report does not set forth a timetable, it does provide to let contracts for the construction of the required water and sewer mains within twelve months from the date of annexation, and sufficiently complies with the statute. That the policy of the

respondent in effect in the City for extending water and sewer lines to individual lots and subdivisions is contained in Resolution No. 832 adopted June 1, 1959; Resolution No. 861 adopted July 6, 1959; and the plan contained in the report sufficiently provides for extending the same policy to the annexed area.

"(f) *Exception No. 8, Amended Petition.* That the petitioners have failed to show that the area did not qualify under G.S. 160-453.16 (c) or (d) in the manner set forth in the report, and the court finds as a fact that the area did so qualify.

"7. That the public hearing to consider annexation held on March 7, 1960, was held after publication of notice as required by statute; that explanation was made of the annexation report in detail; that thereafter all persons present and desiring to be heard were heard; that the conduct of the meeting and the actions of the Mayor and City Council were not contrary to or in violation of the requirements of the statute; and that the conduct of the public hearing sufficiently complied with the statue.

"8. That none of the petitioners have shown that they will suffer material injury by reason of the failure of the respondent to comply with the procedure set forth in the statute or to meet the requirements set forth in G.S. 160-453.16 as applied to the property of petitioners or any of them.

"9. That the petitioners have failed to show that the statutory procedure was not followed, as required by G.S. 160-453.17 and other sections of the annexation statute, and the court finds that such procedure was complied with.

"10. That the petitioners have failed to show that the provisions of G.S. 160-453.15 were not met and the court finds that such provisions were met.

"11. That the petitioners have failed to show that the provisions of G.S. 160-453.16 have not been met and the court finds that such provisions were met.

"That petitioners have failed to show material injury to themselves or their property as a result of the annexation of the area designated as Area No. 1.

"That Chapter 1009, Session Laws of North Carolina 1959, is not unconstitutional in its application to petitioners and their property as violative of any of the provisions of the North Carolina Constitution or the United States Constitution referred to in the petition.

"Upon the foregoing findings of fact and conclusions of law, it is adjudged by the court that the action of the City Council of the City of Raleigh in the adoption of annexation (ordinance) No.

866 is affirmed without change. This judgment is rendered at chambers in the City of Raleigh, August 25, 1960, in the presence of the attorneys for petitioners and respondent."

The petitioners in each of the five proceedings excepted to subsection (d) paragraph 5; subsections (a) (b) (c) (d) (e) and (f) of paragraph 6; and to paragraphs 7, 8, 9, 10 and 11 of the findings of fact; to the conclusions of law and to the judgments, and appeal to this Court, assigning error.

*Emanuel & Emanuel* for petitioner appellants.

*Paul F. Smith; Manning, Fulton & Skinner; William Joslin* for respondent appellee.

DENNY, J. The record in these five proceedings, consolidated for hearing in the court below, contains 115 assignments of error based on 148 exceptions. Obviously, it is neither practical nor necessary to discuss each of these assignments *seriatim*.

We have carefully examined the pleadings, the documentary and oral evidence introduced in the hearing below, and in our opinion each finding of fact to which the petitioners have excepted is supported by competent evidence, and we so hold. Consequently, such findings have the force and effect of a jury verdict upon the issues involved and they are conclusive on appeal. *Goldsboro v. R.R.*, 246 N.C. 101, 97 S.E. 2d 486; *St. George v. Hanson*, 239 N.C. 259, 78 S.E. 2d 885; *Trust Co. v. Finance Corp.*, 238 N.C. 478, 78 S.E. 2d 327; *Burnsville v. Boone*, 231 N.C. 577, 58 S.E. 2d 351; *Poole v. Gentry*, 229 N.C. 266, 49 S.E. 2d 464. Therefore, it is only necessary for us to consider the legal questions raised by the pleadings, challenging the constitutionality of Chapter 1009 of the 1959 Session Laws of North Carolina.

The appellants contend that the Act under consideration is unconstitutional; that it is contrary to and in violation of Article I, section 8, and Article II, section 1 of the Constitution of North Carolina in that it constitutes an unlawful delegation of legislative power to a municipal governing body and vests such body with the discretion to act or not to act as it may deem expedient. They further contend that such discretion cannot be delegated to a subordinate agency of the State, citing *Coastal Highway v. Turnpike Authority*, 237 N.C. 52, 74 S.E. 2d 310, and quoting therefrom as follows: "It is a settled principle of fundamental law, inherent in our constitutional separation of government into three departments and the assignment of the lawmaking function exclusively to the legislative

department, that (*except when authorized by the constitution, as is the case in reference to certain lawmaking powers conferred upon municipal corporations usually relating to matters of local self-government*, Const., Articles VII, VIII, and IX; *Provision Company v. Daves*, 190 N.C. 7, 128 S.E. 593), the Legislature may not abdicate its power to make laws or delegate its supreme legislative power to any other department or body. \* \* \* Here we pause to note the distinction generally recognized between a delegation of the power to make a law, which necessarily includes a discretion as to what it shall be, *and the conferring of authority or discretion as to its execution*. The first may not be done, whereas the latter, *if adequate guiding standards are laid down, is permissible under certain circumstances*. 11 Am. Jur., Constitutional Law, Sec. 234. See also *Pue v. Hood*, Comr. of Banks, 222 N.C. 310, 22 S.E. 2d 896." (Emphasis added.)

This Court further said in the above case: " \* \* \* (T)he legislative body must declare the policy of the law, fix legal principles which are to control in given cases, and provide adequate standards for the guidance of the administrative body · or officer empowered to execute the law. This principle is implicit in the general rule prohibiting the delegation of legislative power, and is affirmed by numerous authoritative decisions of this Court. *Motsinger v. Perryman, supra* (218 N.C. 15, 20, 9 S.E. 2d 511)'; *Provision Company v. Daves, supra; S. v. Harris*, 216 N.C. 746, 6 S.E. 2d 854; *S. v. Curtis, supra* (230 N.C. 169, 52 S.E. 2d 364). See also Annotation, 79 L. Ed. 474, 487.

"In short, while the Legislature may delegate the power to find facts or determine the existence or nonexistence of ·a factual situation or condition on which the operation of a law is made to depend, or another agency of the government is to come into existence, it cannot vest in a subordinate agency the power to apply or withhold the application of the law in its absolute or unguided discretion, 11 Am. Jur., Constitutional Law, Sec. 234."

The statute under attack in the foregoing case was held unconstitutional   because the General Assembly had not determined the policy of the State with respect to the creation of a municipal corporation to be created by the Municipal Board of Controls for the purpose of constructing and operating a toll road and a toll bridge, and the Legislature had further failed to lay down adequate standards for the guidance of such agency when created.

The Act now under consideration is not defective in either respect.

The policy of the State with respect to the annexation of additional

territory by a municipality having a population of 5,000 or more, is set forth in Part 3 of the Act, G.S. 160-453.13, as follows: "It is hereby declared as a matter of State policy:

"(1) That sound urban development is essential to the continued economic development of North Carolina;

"(2) That municipalities are created to provide the governmental services essential for sound urban development and for the protection of health, safety and welfare in areas being intensively used for residential, commercial, industrial, institutional and governmental purposes or in areas undergoing such development;

"(3) That municipal boundaries should be extended in accordance with legislative standards applicable throughout the State, to include such areas and to provide the high quality of governmental services needed therein for the public health, safety and welfare;

"(4) That new urban development in and around municipalities having a population of five thousand (5,000) or more persons is more scattered than in and around smaller municipalities, and that such larger municipalities have greater difficulty in expanding municipal utility systems and other service facilities to serve such scattered development, so that the legislative standards governing annexation by larger municipalities must take these facts into account if the obectives set forth in this section are to be attained;

"(5) That areas annexed to municipalities in accordance with such uniform legislative standards should receive the services provided by the annexing municipality as soon as possible following annexation."

With respect to the completeness of the Act now under consideration, the appellants quote from 11 Am. Jur., Constitutional Law, section 215, page 924, as follows: "One of the most important tests as to whether particular laws amount to an invalid delegation of legislative power is found in the completeness of the statute as it appears when it leaves the hands of the legislature. The generally recognized principle is that a law must be so complete in all its terms and provisions when it leaves the legislative branch of the government that nothing is left to the judgment of the electors or other appointee or delegate of the legislature. * * * The law must be perfect, final and decisive in all of its parts, and the discretion which is given must relate only to execution."

The petitioners then say in their brief: "We are fully confident that the drafters of Chapter 1009, Session Laws of 1959, and the respondent in this case, were aware of the principle enunciated above. *Their workmanship and execution give every appearance of con-*

*formity with the requirements.* (Emphasis added.) We are equally confident, however, that in their zeal and determination to place into the hands of the municipalities, the unhampered power of annexation, they did violence to the substance and essence of these principles, leaving a mere shell or ritual of conformity therewith."

It is provided in this new method of annexation that the governing board of any municipality having a population of 5,000 or more, may extend its corporate limits under the procedure set forth in the Act. G.S. 160-453.14. Therefore, it is clear that by the enactment of Chapter 1009 of the 1959 Session Laws of North Carolina, the General Assembly did not delegate to the municipalities of the State having a population of 5,000 or more, any discretion with respect to the provisions of the law. The guiding standards and requirements of the Act are set out in great detail. The only discretion given to the governing boards of such municipalities is the permissive or discretionary right to use this new method of annexation provided such boards conform to the procedure and meet the requirements set out in the Act as a condition precedent to the right to annex.

It certainly cannot be considered a mere shell or ritual of conformity when the governing body of a municipality, in good faith, obtains all the information required by the Act, with respect to the character of the area or areas to be annexed, the density of the resident population therein, the extreme boundaries thereof, and the percentage of such boundaries which are adjacent or contiguous to the municipality's boundaries, which must be at least one-eighth; and further provides or makes provision to extend all the governmental services to the newly annexed area or areas, comparable to the services provided for the residents within the city prior to annexation of the new area or areas.

The General Assembly of North Carolina is vested with complete authority over municipalities, except in certain specified matters which are not related to this litigation. *Sanitary District v. Lenoir,* 249 N.C. 96, 105 S.E. 2d 411, and the authorities cited therein.

In *Lutterloh v. Fayetteville,* 149 N.C. 65, 62 S.E. 758, this Court said: "We have held in common with all the courts of this country, that municipal corporations, in the absence of constitutional restrictions, are the creatures of the legislative will, and are subject to its control; the sole object being the common good, and that rests in legislative discretion. *Dorsey v. Henderson,* 148 N.C. 423, and *Perry v. Comrs., ibid.,* 521; *Manly v. Raleigh,* 57 N.C. 370.

"Consequently, it follows that the enlargement of the municipal boundaries by the annexation of new territory, and the consequent extension of their corporate jurisdiction, including that of levying taxes, are legitimate subjects of legislation. In the absence of constitutional restriction, the extent to which such legislation shall be enacted, both with respect to the terms and circumstances under which the annexation may be had, and the manner in which it may be made, rests entirely in the discretion of the Legislature. With its wisdom, propriety or justice we have naught to do.

"It has, therefore, been held that an act of annexation is valid which authorized the annexation of territory, *without the consent of its inhabitants,* to a municipal corporation, having a large unprovided for indebtedness, for the payment of which property included within the territory annexed became subject to taxation." *Matthews v. Blowing Rock,* 207 N.C. 450, 177 S.E. 429; *Dunn v. Tew,* 219 N.C. 286, 13 S.E. 2d 536.

In *Highlands v. Hickory,* 202 N.C. 167, 162 S.E. 471, the General Assembly had enacted Chapter 41, Private Laws 1931, an Act entitled, "An act for the extension of the corporate limits of the city of Hickory, for an election in furtherance thereof, for the repeal of the charters of other towns within the extended limits, and for other purposes." The validity of the Act was challenged on the ground that the General Assembly was without power, because of constitutional limitations, to enact the same. On appeal, this Court said: "This challenge cannot be sustained. There are no limitations in the Constitution of this State or of the United States upon the power of the General Assembly to provide by statute for the extension of the corporate limits of a municipal corporation organized and existing under the laws of this State, or for the repeal of a statute under which a municipal corporation in this State was organized." *Chimney Rock Co. v. Lake Lure,* 200 N.C. 171, 156 S.E. 542.

It is said in 37 Am. Jur., Municipal Corporations, section 24, page 640, "A municipal corporation or its corporate authorities have no power to extend its boundaries otherwise than provided for by legislative enactment or constitutional provision. Such power may be validly delegated to municipal corporations by the legislature, and when so conferred must be exercised in strict accord with the statute conferring it. The legislature may also prescribe and fix the terms and conditions on which such a law may come into operation. *The determination of the requisite facts or expediencies, or of acceptance or assent to the annexation, may be given by the legislature to the municipal council,* or to county commissioners, boards of supervisors,

or other public body * * * *without violating constitutional provisions against delegation of legislative functions.* * **"* (Emphasis added.)

"It is a cardinal principle of our system of government that local affairs shall be managed by local authorities and general affairs by the central authority; and hence while the rule is also fundamental that the power to make laws cannot be delegated, the creation of municipalities exercising local self-government has never been held to trench upon that rule." *Stoutenburgh v. Hennick,* 129 U.S. 141, 32 L. Ed. 637.

In *S. v. Dudley,* 182 N.C. 822, 109 S.E. 63, this Court, speaking through *Hoke, J.,* later *C.J.,* said: "It is well recognized that except in the case of municipal corporations when in the exercise of governmental functions on local matters, legislative power may not be delegated." *Provision Co. v. Daves,* 190 N.C. 7, 128 S.E. 593, *Cox v. Kinston,* 217 N.C. 391, 8 S.E. 2d 252.

The decisions of this Court support the view that ordinary restrictions with respect to the delegation of power to an agency of the State, which exercises no function of government, do not apply to cities, towns, or counties. The Legislature had the right, unhampered by constitutional restrictions, to grant the power given in the Act under consideration to municipalities having a population of 5,000 or more since the power granted is incidental to municipal government in matters of purely local concern. Hence, the contention that Chapter 1009 of the Session Laws of 1959 of North Carolina is unconstitutional on the grounds assigned, cannot be sustained.

The appellants contend that this Act is unconstitutional for that it denies to them the right of trial by jury in violation of Article I, section 19 of the Constitution of North Carolina. The procedure and requirements contained in the Act under consideration being solely a legislative matter, the right of trial by jury is not guaranteed, and the fact that the General Assembly did not see fit to provide for trial by jury in cases arising under the Act, does not render the Act unconstitutional.

The right to a trial by jury, guaranteed under our Constitution, applies only to cases in which the prerogative existed at common law, or was procured by statute at the time the Constitution was adopted. The right to a trial by jury is not guaranteed in those cases where the right and the remedy have been created by statute since the adoption of the Constitution. *Groves v. Ware,* 182 N.C. 553, 109 S.E. 568; *McInnish v. Bd. of Education,* 187 N.C. 494, 122 S.E. 182; *Hagler v. Highway Commission,* 200 N.C. 733, 158 S.E. 383; *Unemployment Comp. Com. v. Willis,* 219 N.C. 709, 15 S.E. 2d 4;

*Belk's Dept. Store, Inc. v. Guilford County,* 222 N.C. 441, 23 S.E. 2d 897; *Utilities Commission v. Trucking Co.,* 223 N.C. 687, 28 S.E. 2d 201. This contention of petitioners is without merit.

These petitioners likewise contend that the Act under consideration is invalid because twelve counties were excluded from the Act; that such exclusion prevents the Act from being general in character within the purview of Article VIII, section 4 of our Constitution.

This Court has uniformly held that the requirement in Article VIII, section 1 of our Constitution, with respect to general laws, refers to private or business corporations, and does not refer to public or quasi-public corporations acting as governmental agencies. *Mills v. Com'rs.,* 175 N.C. 215, 95 S.E. 481; *Dickson v. Brewer,* 180 N.C. 403, 104 S.E. 887; *Kornegay v. Goldsboro,* 180 N.C. 441, 105 S.E. 187.

In the last cited case the appeal involved the constitutionality of an act authorizing cities, towns, townships and school districts in Wayne County to sell bonds at less than par. The question presented was identical to that now before us. In considering Article VIII, section 4 of our Constitution, the Court said: "It contains no prohibition on the exercise of legislative power, and has in it no declaration that private, local, or special acts shall not be passed relating to the organization of cities and towns, and conferring particular powers, and this ommission, when considered in connection with the history of the recent amendments to the Constitution, is fatal to the claim that local or special acts may not be legally enacted, conferring special authority on municipal corporations."

Judge Cooley, in his work on Constitutional Limitations (7th Ed.), page 554, Note 2, said: "To make a statute a public law of general obligation, it is not necessary that it should be equally applicable to all parts of the State. All that is required is that it shall apply equally to all persons within the territorial limits described in the act," citing *S. v. County Commissioners of Baltimore,* 29 Md. 516; *Pollock v. McClurken,* 42 Ill. 370; *Haskel v. Burlington,* 30 Iowa 232; *Unity v. Burrage,* 103 U.S. 447.

The foregoing statement was quoted with approval by this Court in *Power Co. v. Power Co.,* 175 N.C. 668, 96 S.E. 99, and in *Kornegay v. Goldsboro, supra.* In the *Kornegay* case this Court upheld the validity of the challenged Act.

In *Holton v. Mocksville,* 189 N.C. 144, 126 S.E. 326, the constitutionality of Chapter 86, Private Laws of 1923, an act relating to the financing of street improvements in the Town of Mocksville was attacked. This Court in upholding the private act said: "Section 4 of Article VIII of the Constitution imposes upon the General As-

sembly the duty to provide by general laws for the improvement of cities, towns and incorporated villages. It does not, however, forbid altering or amending charters of cities, towns and incorporated villages or conferring upon municipal corporations *additional powers* or restricting the powers theretofore vested in them. We find nothing in section 4, Article VIII of the Constitution rendering this act unconstitutional, nor does the act relate to any of the matters upon which the General Assembly is forbidden by section 29 of Article II to legislate. *Kornegay v. Goldsboro*, 180 N.C. 441." (Emphasis added.)

Among the cases which have followed the decisions in the *Kornegay* and *Holton* cases are *Gallimore v. Thomasville*, 191 N.C. 648, 132 S.E. 657; *Holmes v. Fayetteville*, 197 N.C. 740, 150 S.E. 624; *Webb v. Port Commission*, 205 N.C. 663, 172 S.E. 377; *In re Assessments*, 243 N.C. 494, 91 S.E. 2d 171; and *Candler v. Asheville*, 247 N.C. 398, 101 S.E. 2d 470.

In view of the construction placed on Article VIII, section 4 of the Constitution of North Carolina by this Court in previous decisions, we hold that the Act under consideration is not unconstitutional because it applies only to eighty-eight counties in the State. Under our Constitution, the Legislature may grant additional powers to a single municipality or to municipalities within one or more counties.

As evidence of the urban character of the five areas annexed by the City of Raleigh, the petitioners' evidence reveals the fact that there are 68.4 miles of paved streets and 31.1 miles of unpaved streets, a total of 99.5 miles of streets in the five annexed areas. Moreover, they contain a resident population in excess of 14,500. The petitioners' evidence is to the further effect that the total population in these five areas, based on the 1960 preliminary census data, is about 16,922, including residents who reside on land in the area which is not urban in character but was subject to annexation under the provisions set forth in G.S. 160-453.16 (d) (1).

The petitioners contend that by reason of these annexations in the manner in which they have been brought about, they have been deprived of their liberty and property without due process of law, in violation of Article I, section 17 of the Constitution of North Carolina and the Fourteenth Amendment to the Constitution of the United States. The record in these proceedings does not support the petitioners' contention in this respect. Certainly it would seem that they do not desire to have their respective properties subject to the levy of city taxes. Even so, where additional territory is annexed in accordance with the law, the fact that the property of the residents

in such area will thereby become subject to city taxes levied in the future, does not constitute a violation of the due process clause of the State and Federal Constitutions.

The appellants by their exceptions and assignments of error have shown no prejudicial error in the hearing below that would justify disturbing the result thereof.

Each judgment entered below pertaining to the respective five annexed areas, is upheld.

Affirmed.